IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL ROY KELLY, §<br>#390105 §<br>      Plaintiff, §<br>§<br>v. §<br>§<br>OIL DEPOT AUTOMOTOR SHOP, §<br>et al., §<br>      Defendants. § | No. 3:22-cv-02215-S (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Roy Kelly, a prisoner at the Collin County Detention Facility in McKinney, Texas, has failed to establish subject matter jurisdiction exists in this *pro se* civil action. Therefore, the Court should dismiss the case without prejudice.

**Background**

Kelly initiated this action by filing a complaint on the court-approved form for a prisoner civil rights case. Compl. (ECF No. 3). At the same time, he also filed a motion to proceed *in forma pauperis*. (ECF No. 4.) On October 6, 2022, the Court sent Kelly an Order and Notice of Deficiency (NOD), which directed him to file a complaint in compliance with Federal Rule of Civil Procedure 8(a). (ECF No. 7). The NOD informed Kelly that failure to respond and cure the deficiency by November 7, could result in a

1

recommendation that his case be dismissed. That same day, the Court granted Kelly's motion to proceed *in forma pauperis*. (ECF No. 6.)

In his complaint, Kelly alleges that he took his 2007 Chevy Impala to Oil Depot Automotor Shop (Automotor Shop) in Dallas, Texas, on or about May 17, 2022, so the shop owner could "run [it] across the scale to see exactly what was wrong with it." Compl. 4 (ECF No. 3). Kelly paid the Automotor Shop $75.00, and he left his car there. A few days later, Kelly and his girlfriend at the time, Crystal Traylor, returned to the Automotor Shop, and the owner told Kelly that the repairs to the Impala would cost $750.00. Kelly gave the owner consent to perform the work that was needed and informed the owner how he would pay. It took Kelly a few weeks to pay the car repair bill down to $450.00.

On June 28, Kelly was arrested and placed in jail over an incident involving Traylor. Kelly's relationship with Traylor ended that same night.

During the month of July, Traylor and an unknown man allegedly took Kelly's identity and went to the Automotor Shop. The unknown man paid the remaining auto repair fees, and the Automotor Shop owner released the Impala to the unknown man. According to Kelly, the shop owner failed to "properly identify" the man before releasing the car to him. *Id.* at 5. On July 16, Kelly spoke with Traylor about his car, and Traylor stated that she and her "brother" had gotten Kelly's car out of the shop. Kelly asked Traylor to give the car to Kelly's brother or release it to Jorden Motors. Traylor

2

refused, and she stated that she planned to keep Kelly's car. Kelly informed Jorden Motors that he wanted his car repossessed. On August 10, Kelly got a letter from Jorden Motors stating that they had his car. The letter also stated that Traylor and an unknown man had come there trying to get the car back using Kelly's identification.

As relief, Kelly seeks compensatory and punitive damages. He also seeks a replacement Impala, just like the one he had.

## Legal Standards and Analysis

The Court *sua sponte* considers whether it has subject-matter jurisdiction.

Federal courts have limited subject-matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *[Griffin v. Lee](#)*, 621 F.3d 380, 388 (5th Cir. 2010); *see also [Coury v. Prot](#)*, 85 F.3d 244, 248 (5th Cir. 1996). Federal courts are obliged to examine the basis for the exercise of federal subject-matter jurisdiction. *[Smith v. Texas Children's Hosp.](#)*, 172 F.3d 923, 925 (5th Cir. 1999). A federal district court may examine its subject-matter jurisdiction over a matter, *sua sponte*, at any time. *[Giles v. NYLCare Health Plans, Inc.](#)*, 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject-matter jurisdiction); *see also [MCG, Inc. v. Great W. Energy Corp.](#)*, 896 F.2d 170, 173 (5th Cir. 1990) ("Federal courts, both trial and appellate, have a

3

continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time.").

Federal district courts have original jurisdiction over two types of cases: (1) cases that arise under federal law ("federal question jurisdiction"), and (2) cases in which the amount in controversy exceeds $ 75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332(a) (diversity jurisdiction); *see also Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). There is a presumption against subject-matter jurisdiction, and it must be rebutted by the party filing an action in federal court. *See Coury*, 85 F.3d at 248. "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

When determining whether federal-question jurisdiction exists, it "must be determined by reference to the 'well pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). This means that the complaint must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriquez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993). And when the asserted basis of federal jurisdiction is the diversity of the parties under § 1332, the

4

party seeking to invoke federal diversity jurisdiction bears the burden of establishing that the parties are citizens of different states and the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Further, when a litigant is proceeding *pro se*, the court must liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing that *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than pleadings drafted by lawyers"); *see also Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997) ("Because [the party] is *pro se*, we construe his pleadings liberally.") (citing *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 & n.16 (5th Cir. 1996)); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990) (citing *Haines v. Kerner*, 404 U.S. 519 (1972), and noting that it calls for an expansive reading of *pro se* pleadings).

Here, Kelly fails to sufficiently plead facts supporting federal question jurisdiction. His allegations that Traylor and the unknown man used his identification to get his car from the Automotor Shop and that the shop owner improperly released his car to Traylor and the unknown man implicate Texas law, not federal law. And there is generally no federal question jurisdiction when the plaintiff pleads only a state law cause of action. *See Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Kelly also fails to plead facts demonstrating diversity jurisdiction exists. Kelly is presently incarcerated at the Collin County Detention Center in McKinney, Texas. But for purposes of diversity jurisdiction, a prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to reside elsewhere when he is released, in which event he is a citizen of that state. *See Ronald Alexander Leblanc Tr. v. Ransom*, 276 F. Supp. 2d 647, 651 (S.D. Tex. 2003) (cting *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002)). Apparently, before he was arrested, Kelly lived in Texas. *See* Compl. 4, 5 (ECF No. 3). In his complaint, he has named only two defendants: Automotor Shop, and Traylor. *Id*. at 3. Kelly alleges that Automotor Shop is located in Dallas, Texas, and Traylor also lives in Dallas. *Id.*

Similarly, Kelly has not shown that the amount in controversy exceeds $75,000. As relief, he seeks a replacement for his 2007 Impala and an unstated amount of compensatory and punitive damages. *Id.* at 4. However, Kelly's general request for another Impala and an unstated amount of damages is not sufficient to meet his burden of demonstrating that the amount in controversy exceeds $75,000. *See Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (noting the party invoking federal jurisdiction must establish the amount in controversy is above $75,000 by a preponderance of the evidence). Kelly cannot meet his burden to establish diversity jurisdiction on these facts. *See Kokkonen v. Guardian Life Ins. of*

6

*America*, 511 U.S. 375, 377 (1994); *see also Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 181 (5th Cir. 2016).

Even under the most liberal construction of his complaint, Kelly has failed to allege facts supporting either federal question or diversity jurisdiction. His complaint should therefore be dismissed *sua sponte* for lack of subject-matter jurisdiction.

## Conclusion

For the reasons stated, the Court should DISMISS this case without prejudice.

**SO RECOMMENDED**.

November 16, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).